## Case No. 1,250.

BELL v. ENGLISH.

[4 Cranch, C. C. 332.][1]

Circuit Court, District of Columbia. Oct. Term, 1834.

APPRENTICE—POWER OF ORPHANS' COURT.

The orphans' court of Alexandria county has authority and jurisdiction to bind out orphan children without indentures.

[At law. Application for a writ of habeas corpus to compel James English to bring up Andrew Bell. Writ dismissed.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

The return of a writ of habeas corpus, to bring up a colored boy, was, that he was bound as apprentice to Mr. English, by the orphans' court of Alexandria county, to learn the business of a house-servant. The evidence of this binding was a copy of the record of the orphans' court, in these words:—"Orphans' Court, Alexandria County, October Term, 1832. Andrew Bell, a free orphan boy of color, who will be thirteen years old on the 25th of November next, is, by the court, bound an apprentice to James English until he is twenty-one years of age, to learn the business of a house-servant; which said business, in open court, the said James English agrees to teach the said apprentice, to furnish good board, clothing, washing, and lodging, and pay him $20 freedom dues. Witness: Chr. Neale, Esq., Judge of the Said Court, this 1st day of October, 1832. Test: A. Moore, Register of Wills."

Mr. Hewitt, for the petitioner, contended that the orphans' court cannot bind unless to some trade; and that house-servant is no trade; and objected that no indentures were executed.

Mr. Hodgson, contra. The Virginia law says, "art, trade, or business." The binding was in open court, and in form always used in that court.

THE COURT (nem. con.) refused to discharge the boy, being of opinion that the orphans' court had jurisdiction to bind out orphan children; and that the binding was in the usual form in which that court exercised its jurisdiction. See Hines v. Hewitt, [Case No. 6,520.]